UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW WASHINGTON, JR., a minor, by and through his Guardian Ad Litem, Alejandra Raya,<br><br>            Plaintiff,<br><br>    v.<br><br>TASER INTERNATIONAL, INC., CITY OF VALLEJO, JEREMIE PATZER, TOM LIDDICOET, DAVID JACKSON, ROBERT NICHELINI, et al.,<br><br>            Defendants. | Case No. 2:05-CV-00881-JAM-GGH<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS |

This matter comes before the Court on Defendants City of Vallejo, Robert Nichelini, Jeremie Patzer, Tom Liddicoet, and David Jackson's (collectively "Defendants") Motion to Dismiss (Doc. #34) Plaintiff Andrew Washington, Jr.'s, by and through his Guardian ad Litem, Alejandra Raya ("Plaintiff"), First Amended Complaint ("FAC") (Doc. 27) for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the motion (Doc. 42).[1] For the

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was originally scheduled for May 4, 2011.

1

reasons set forth below, Defendants' motion is GRANTED in part and DENIED in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

As alleged in the FAC, on September 15, 2004, Andrew Washington ("Mr. Washington"), father of Plaintiff Andrew Washington, Jr., a minor, was involved in a traffic accident. FAC ¶¶ 9, 31. Mr. Washington was located and questioned by Vallejo Police Officers after he left the scene of the accident, but "fled on foot" following said questioning. Id. at ¶¶ 31, 34. Mr. Washington appeared to be, and was, in fact, unarmed. Id. at ¶ 33. After being "cornered" by Defendant Officer Patzer just before midnight, Mr. Washington attempted to scale a chain link fence and Officer Patzer "shot Mr. Washington with a [t]aser weapon," designed, manufactured, and sold by non-moving Defendant Taser International, Inc. Id. at ¶¶ 35, 36, 52. The electric shock from the taser caused Mr. Washington to fall face down into a "storm culvert." Id. at ¶¶ 37. While Mr. Washington was still lying face down in the water, Officer Patzer shot the taser at Mr. Washington 17 separate times in less than 3 minutes, causing Mr. Washington to suffer a cardiac arrest. Id. at ¶¶ 39, 40, 42. Mr. Washington subsequently died at Sutter Solano Hospital at 1:43am on September 16, 2004, as a result of being tasered. Id. at ¶¶ 42-44, 52, 59.

On February 28, 2005, Plaintiff filed a wrongful death products liability action in state court against the non-moving Defendant Taser International, Inc., which was subsequently removed to this Court by Taser International, Inc. Doc. #1. On March 2, 2005, Plaintiff and Defendants entered into a tolling agreement,

which extended the six month statute of limitations under the California Tort Claims Act. Doc. #34 at pg. 2-3. The parties subsequently entered into several more tolling agreements, ultimately extending the statute of limitations to file a government tort claim to December 16, 2006 ("tolling agreement"). Id. On December 15, 2006, Plaintiff filed a governmental tort claim with the appropriate public entity pursuant to the California Tort Claims Act. Id. at 3-4.

On November 19, 2007, Plaintiff filed his Amended Complaint, adding the moving Defendants and asserting eight new claims for relief under various state law torts and 42 U.S.C. section 1983 against them. Doc. #27. Defendants filed the pending motion to dismiss on January 3, 2008, asking this Court to dismiss all of Plaintiff's claims as untimely. Docs. #32-34. Shortly thereafter, this case was stayed, due to the City of Vallejo's ongoing bankruptcy proceedings, and on March 22, 2011, it was ordered reopened.

## II. OPINION

A. Legal Standard

    1. Motion to Dismiss

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure section 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405

U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure section 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

Additionally, the Court may "consider a motion to dismiss accompanied by affidavits as a motion for summary judgment" under Rule 12(b)(6), but if it does so, the "parties shall be permitted to present all material pertinent to the motion." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006) (citing FED. R. CIV. P. 12(b)(6), 56).

### 2. Statute of Limitations

A complaint may be dismissed under Rule 12(b)(6) if it was filed outside of the applicable statute of limitations and "the running of the statute is apparent on the face of the complaint." Huynh, 465 F.3d at 997 (9th Cir. 2006); see also Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). To determine

4

whether it is apparent on the face of the complaint that the statute of limitations has run, the Court must: "'First, . . . decide what choice-of-law rule governs the selection of the statute of limitations.  Second, the Court must apply that rule to determine which jurisdiction's limitations law applies.  Third, and finally, the Court [must] determine whether [the] plaintiff's claims fall within the relevant limitations period.'" Huynh, 465 F.3d at 997 (quoting Cruz v. United States, 387 F.Supp.2d 1057, 1070 (N.D. Cal. 2005)).

### 42 U.S.C. section 1983

To determine the statute of limitations for claims under 42 U.S.C. section 1983 ("Section 1983"), a Court "should borrow the general or residual [state] statute [of limitations] for personal injury actions." Owens v. Okure, 488 U.S. 235, 250 (1989); accord Wilson v. Garcia, 471 U.S. 261, 280 (1985).  In California, the statute of limitations for personal injury claims is two (2) years. CAL. CIV. PROC. CODE § 335.1 (West 2003); see also Canatella v. Van De Kamp, 486 F.3d 1128, 1132-33 (9th Cir. 2007).

### California Tort Claims Act

Actions brought against public entities and their officials are governed by the California Tort Claims Act ("CTCA"), see CAL. GOV'T CODE § 810, *et seq.*, and "[t]he timeliness of such actions is governed by the specific statute of limitations set forth in the Government Code, not the statute of limitations applicable to private defendants." County of Los Angeles v. Superior Court, 26 Cal. Rptr. 3d 445, 448 (Cal.Ct.App. 2005) (citations omitted).

The CTCA requires an injured party to present his or her claim to the public entity prior to initiating litigation against it.

5

CAL. GOV'T CODE § 954.4.  Under the CTCA, "a claim [against a public entity] relating to a cause of action for death or injury to [a] person" must be presented to that entity prior to initiating litigation and "not later than six months after the accrual of the cause of action."  CAL. GOV'T CODE §§ 911.2(a), 945.6.

Once a claim is timely filed, the public entity has forty-five (45) days to accept or reject the claim.  Id. at § 912.4.  A party then has six months to initiate litigation against the entity following written notice of rejection of his or her claim.  Id. at § 945.6(a)(1).  If the entity "fails or refuses to act within [45 days], the claim shall be deemed to have been rejected . . . ," on the last day the entity was required to act.  Id. at § 912.4.  If no written notice is given to the party of the entity's rejection of the claim, the party must file an action with the court "within two years from the accrual of the cause of action."  Id. at 945.6(b).

B.   Claims for Relief

Both Plaintiff and Defendants included affidavits and exhibits with their moving papers, which this Court has considered.  The Court can properly decide the statute of limitations issue at the motion to dismiss stage because both parties have had the opportunity to present materials pertinent to this Court's decision, as demonstrated by the moving papers.  See Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006) (citations omitted).  The claims in Plaintiff's operative complaint fall into two categories, which the Court will address in turn.

1.   Section 1983

Plaintiff asserts four different claims, causes of action

three, four, five, and six, against various Defendants under Section 1983 ("Section 1983 claims").[2]

    This case was removed to this Court on the basis of diversity under 28 U.S.C. sections 1441, 1446, and 1332, and the actions that form the basis for Plaintiff's complaint occurred in California. Accordingly, California's statute of limitations for personal injury actions, which is 2 years, governs Plaintiff's Section 1983 claims. See Canatella v. Van De Kamp, 486 F.3d 1128, 1132-33 (9th Cir. 2007); Huyhn v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006).

    Defendants argue that the statute of limitations applicable to Plaintiff's Section 1983 claims expired on September 16, 2006, which was 2 years after the accrual of the cause of action. Doc. #34 at pg. 4-5. Plaintiff argues that the statute of limitations is tolled due to Plaintiff's minority under California Code of Civil Procedure section 352(a), and therefore Plaintiff's Section 1983 claims were timely filed. Doc. # 42 at pg. 1, 3-4. The parties agree that their tolling agreement did not affect the statute of limitations governing Plaintiff's Section 1983 claims. Compare Doc. #34 at pg. 7 with Doc. #42 at pg. 5. Therefore, the disagreement centers on whether the statute of limitations is tolled due to Plaintiff's minority.

    In Section 1983 actions, a court must look to state law to determine the statute of limitations, and in doing so, must consider the state's tolling doctrines. See Board of Regents v. Tomanio, 446 U.S. 478, 485 (1980); City of Huntington Park v.

---

[2] Plaintiff's first and second causes of action are not at issue, as they are only asserted against non-moving Defendant Taser International, Inc.

7

Superior Court, 41 Cal. Rptr. 2d 68 (Cal.Ct.App. 1995). California law authorizes tolling of the two year statute of limitations applicable to Plaintiff's Section 1983 claims due to a plaintiff's minority.  See CAL. CIV. PROC. CODE § 352 (providing for tolling in personal injury actions during the period of minority); see also City of Huntington Park, 41 Cal. Rptr. 2d 68 (Cal.Ct.App. 1995) (holding that section 352(a) tolled a minor plaintiff's claims under 42 U.S.C. § 1983).  Under section 352, the statute of limitations is tolled during the entire period of minority.  CAL. CIV. PROC. CODE § 352(a); accord City of Huntington, 41 Cal. Rptr. 2d 68.

Plaintiff's complaint states that "[a]t all times relevant, Plaintiff [] was a minor and remains a minor at the time of the filing of this First Amended Complaint."  FAC ¶ 9.  Applying the underlying California statute of limitations and tolling provisions to Plaintiff's Section 1983 claims, Plaintiff's complaint should not be dismissed as untimely because his causes of action under Section 1983 are tolled due to his minority.  See City of Huntington Park v. Superior Court, 41 Cal. Rptr. 2d 68 (Cal.Ct.App. 1995).

In light of the applicability of the tolling provision, the Court does not need to address Defendants' argument regarding the relation back doctrine, as the doctrine does not affect the applicability of section 352(a) in this case.

Defendants also argue that California's tolling provisions should not apply because "the tolling agreement put Plaintiff on fair notice to take actions to protect his own federal rights . . . ," citing Stanley v. City and County of San Francisco, 48 Cal.

8

Rptr. 842 (Cal.Ct.App. 1975) for support.  Doc. #45 at pg. 4.
However, that case can be distinguished in that it addressed the
relationship between section 352 and the CTCA. Defendants have not
provided this Court with any authority that extends the Stanley
Court's reasoning to Section 1983 claims.  See Stanley, 48 Cal.
Rptr. 842; Doc. #45 at 4.  More importantly, section 352(b) makes
clear that claims under the CTCA are not tolled due to a claimant's
minority, and existing case law has found that this provision does
not prevent tolling of the statute of limitations in actions for
relief under Section 1983.  See City of Huntington Park v. Superior
Court, 41 Cal. Rptr. 2d 68 (Cal.Ct.App. 1995).  California cases
allowing plaintiffs' section 1983 claims to proceed even when those
same plaintiffs' CTCA claims are dismissed by the courts as
untimely further militate against Defendants' proposed extension of
Stanley.  See, e.g., City of Huntington Park, 41 Cal. Rptr. 2d 68
(Cal.Ct.App. 1995).

   Without authority supporting Defendants' position, this Court
declines to extend dicta regarding section 352 and CTCA cases to
justify the dismissal of Plaintiff's Section 1983 claims.
Accordingly, Defendants' motion to dismiss Plaintiff's Section 1983
claims is denied.

   2.   State Law Claims

   Plaintiff asserts four (4) causes of action under state law,
claims seven, eight, nine, and ten, against various Defendants
("State Law claims").  FAC ¶¶ 71-101.

   Defendants move to dismiss Plaintiff's State Law claims as
untimely.  Doc. #34 at pg. 1-3, 7-10.  Defendants argue that the
State Law claims are barred by California's 2-year statute of

1  limitations, contained in the Code of Civil Procedure, applicable
2  to each of the claims.  Id.  Defendants further assert that the
3  parties' tolling agreement only affected Plaintiff's administrative
4  filing with the government under the CTCA and not the initiation of
5  this suit.  Id.  Plaintiff argues that his claim, filed on December
6  15, 2006, was timely under the CTCA, and therefore this suit was
7  timely.  Doc. #42 at pg. 8-12.  Plaintiff also argues that it is
8  not proper to decide the statute of limitations issue at the motion
9  to dismiss stage, or, alternatively, that Defendants are estopped
10 from asserting a statute of limitations defense.

11       As noted above, the CTCA governs all claims against public
12 entities and their officials, and it is the statue of limitations
13 within the government code that applies in these actions.  See CAL.
14 GOV'T CODE § 810, et seq.; County of Los Angeles v. Superior Court,
15 26 Cal. Rptr. 3d 445, 448 (Cal.Ct.App. 2005).  The timeliness of
16 Plaintiff's complaint in this case is therefore governed by Section
17 945.6.  See CAL. GOV'T CODE § 945.6(a).  A party filing a claim under
18 the CTCA is charged with knowledge of the statute, which includes
19 the applicable statute of limitations.  See Hunter v. Los Angeles
20 County, 69 Cal. Rptr. 288, 262 Cal. App. 2d 820, 822 (Cal.Ct.App.
21 1968)("[O]nce a claimant has filed a claim [pursuant to the CTCA],
22 he demonstrates familiarity with the statutory procedures governing
23 his grievance, and can reasonably be charged with knowledge of the
24 time limitations that are part of [the CTCA].").

25       Pursuant to the parties' tolling agreement, extending the
26 statute of limitations under the CTCA, Plaintiff was required to
27 file a claim against the City of Vallejo and its officials no later
28 than December 16, 2006.  Doc. #34 at pg. 2-4.  The parties agree

that Plaintiff did, in fact, properly file his claim with the government under the CTCA on December 15, 2006. Compare id. with Doc. #42 at pg. 2.

Pursuant to section 912.4, the government had 45 days to act on Plaintiff's claim, meaning it was required to make a decision to accept or reject the claim no later than January 29, 2007. Plaintiff was then required to file his action in court no later than sixth months after the rejection of his claim by the government, which would have been July 29, 2007. See CAL. GOV'T CODE § 945.6(a)(1). However, if the government did not notify the Plaintiff of its rejection of his claim, the Plaintiff was required to initiate litigation no later than 2 years following the accrual of his claim, which in this case would have been September 16, 2006. See CAL. GOV'T CODE § 945(a)(2).

Plaintiff's FAC and opposition indicate that the government did not respond to Plaintiff's December 15, 2006, claim. See FAC; Doc. 42 ("Vallejo rejected [Plaintiff's] claim by operation of law on January 29, 2007."). Thus, under section 945.6, his FAC in this Court was untimely when it was filed on November 19, 2007. See CAL. GOV'T CODE § 945.6; FAC. As set forth above, even if the government had rejected Plaintiff's claim and so notified Plaintiff, his FAC was untimely because Plaintiff would have had to file it no later than July 29, 2007. Id.

Plaintiff's argument that the statute of limitations does not bar his State Law claims centers on the timeliness of his initial claim, filed December 15, 2006, and Plaintiff fails to acknowledge that there is a requirement under California law for Plaintiff to timely initiate suit. See Doc. #42 at pg. 8-12; FAC at ¶¶ 103,

11

112, 122, 127. Following Plaintiff's logic, once the government entity rejects his claim pursuant to California Government Code section 912.4, the Plaintiff can file a lawsuit anytime thereafter. See id. Instead, there is a limitations period imposed by statute, which the Plaintiff failed to follow. See CAL. GOV'T CODE § 945.6. More problematic is the fact that several of the cases cited by Plaintiff in his opposition acknowledge the statute of limitations contained within section 945.6, yet Plaintiff failed to comply with these requirements. See Doc. #42.

Plaintiff's failure to timely file an action against the Defendants is not saved by the parties' tolling agreement. Plaintiff drafted the agreement, yet did not include any protection for himself regarding the statute of limitations applicable to the filing of his lawsuit. See Doc. #34 ("It is hereby [agreed] between the parties that [Plaintiff] shall have until [December 16, 2006], to file his governmental tort claim against the City of Vallejo, Vallejo Police Department, and any of it's [sic] employees arising out of the death of his father."). Without any language extending the statute of limitations set forth in section 945.6, the timeliness of Plaintiff's State Law claims were not affected by the tolling agreement. See Docs. #34, 42; CAL. GOV'T CODE § 945.6.

Plaintiff's argument that the statute of limitations issue should not be addressed at the motion to dismiss stage fails in light of the fact that both parties have presented evidence to this Court, as set forth above. See Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006) (citations omitted).

Finally, Defendants are not estopped from asserting their statute of limitations defense in this case. In order to

demonstrate estoppel, the Plaintiff must show: (1) Defendants must be apprised of the facts; (2) Defendants must intend their conduct shall be acted upon; (3) Plaintiff must be ignorant of the true state of facts; and (4) Plaintiff must rely on Defendants' conduct to his injury. See Driscol v. City of Los Angeles, 67 Cal.2d 297, 305 (Cal. 1967). First, Plaintiff's complaint does not contain any facts relating to his estoppel argument. See FAC. In his opposition, Plaintiff does not provide any facts relating to the Defendants' knowledge or intent which caused Plaintiff harm. See Doc. #42 at pg. 9-10. Instead, Plaintiff focuses on his own intent: "Plaintiff's counsel reasonably understood that the tolling agreement delayed the beginning of the claim presentation process until December 16, 2006 . . . . Plaintiff's counsel had no indication that [Defendants] would later assert . . ." a statute of limitations defense. Id. at 10. Plaintiff further asserts he "did rely on what he believed to be a mutual understanding." Id. Plaintiff's opposition does not set forth facts supporting the essential elements of estoppel, namely what facts Defendants were apprised of, what conduct Defendants intended Plaintiff to act upon, what Plaintiff was ignorant of, and how Plaintiff relied on Defendants' conduct. See id. Therefore, Plaintiff's estoppel claim fails.

    Accordingly, Plaintiff's State Law claims are dismissed, with prejudice, because it is clear from Plaintiff's complaint and the evidence presented by Defendants that they were untimely filed. Allowing Plaintiff leave to amend is inappropriate in this case because he cannot assert any facts which would change the running of the statute of limitations in this case. See Eminence Capital,

L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

### III. ORDER

For the reasons set forth above, Defendants' motion to dismiss is GRANTED in part and DENIED in part, as follows:

1. The motion to dismiss Plaintiff's third, fourth, fifth, and sixth causes of action, the Section 1983 Claims, is DENIED.

2. The motion to dismiss Plaintiff's seventh, eighth, ninth, and tenth causes of action, the State Law Claims, is GRANTED, WITH PREJUDICE.

IT IS SO ORDERED.

Dated: June 16, 2011

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE