1  Andrew C. Schwartz  (CA SBN 064578)
   **CASPER, MEADOWS, SCHWARTZ & COOK**
2  California Plaza
3  2121 North California Blvd., Suite 1020
   Walnut Creek, CA 94596
4  Telephone:    (925) 947-1147
   Facsimile:    (925) 947-1131
5  E-Mail: Schwartz@cmslaw.com
6
7  John C. Burton   (CA SBN 86029)
   **LAW OFFICES OF JOHN BURTON**
8  4 East Holly St., Ste. 201
   Pasadena, CA 91103
9  Telephone:    (626) 449-8300
   Facsimile:    (626) 449-4417
10 E-mail: jb@johnburtonlaw.com
11 Mark E. Merin  (CA SBN 043849)
   **LAW OFFICES OF MARK E. MERIN**
12 1010 F Street, Suite 300
13 Sacramento, CA 95814
   Telephone:    (916) 443-6911
14 Facsimile:    (916) 447-8336
   E-Mail: mark@markmerin.com
15
16 Attorneys for Plaintiff

17

18                    UNITED STATES DISTRICT COURT

19                    EASTERN DISTRICT OF CALIFORNIA

20

21 ANDREW WASHINGTON, JR., a minor, by        Case No.  **2:05-CV-00881 JAM GGH**
   and through his Guardian ad Litem, Alejandra
22 Raya,                                      **AMENDED (PROPOSED) ORDER
                                              APPROVING PETITION TO
23              Plaintiff,                     COMPROMISE CLAIM OF MINOR**

24       vs.                                  DATE:
                                              TIME:
25 CITY OF VALLEJO, DAVID JACKSON,            DEPT:
   et al.,
26
               Defendants.
27

28

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

1      (c)    $87,000 payable to Pacific Life and Annuity Services, Inc. for the purchase of

2  an annuity, calling for periodic payments to Andrew Washington, Jr.  A true and correct copy of a

3  letter from Ringler Associates summarizing the terms of the annuities is attached hereto as Exhibit

4  "A".

5      9)    The remaining $234.20 of the settlement will be used by Alejandra Raya to

6  purchase school supplies and clothes for the minor.

7      10)    Petitioner recommends this settlement to the Court as being fair and reasonable,

8  and in the best interests of the minors.  Petitioner understands that if the proposed settlement is

9  approved, plaintiffs will be barred from seeking further compensation in the future.

10

11  DATED: _____

12                          Hon. John A. Mendez, District Judge

                                 United States District Court, Eastern District

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CASPER, MEADOWS,**
**SCHWARTZ & COOK**
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Washington vs. City of Vallejo, et al.*                            Page 3
AMENDED (Proposed) ORDER APPROVING PETITION TO COMPROMISE CLAIM OF MINOR

ATTACHMENT TO PETITION AND/OR ORDER
FOR MINOR'S COMPROMISE
FOR:
ANDREW WASHINGTON, JR. - DOB:  REDACTED

In consideration of the Petition and/or Order for Minor's Compromise, attached hereto, the City of Vallejo (the "Defendant"), agrees to settle this claim for Andrew Washington, Jr., a minor, by and through his Natural Parent and Guardian ad Litem, Alejandra Raya (the "Claimant").

Periodic Payments made payable to Andrew Washington, Jr. (the "Payee") according to the schedule as follows (the "Periodic Payments"):

Guaranteed Payout

**1.  Four Year College Fund**
$10,000 paid semi-annually *($20,000 per year)*, guaranteed 4 years.
Commencing 06/15/2021 with the last guaranteed payment 12/15/2024.          $  80,000

**2.  Guaranteed Lump Sum Payment**

| Age | Amount | Payment Date | |
|-----|--------|--------------|--|
| 28  | $50,100 | 10/20/2030 | $  50,100 |
| | | | $130,100 |

*The above Periodic Payments have a cost of $87,000.*

*Funding delays and/or rate adjustments may result in minor changes to the benefits listed above.  Such changes will be correctly reflected in the associated Release document.*

All sums set forth herein constitute damages on account of physical injuries or physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

**Payee's Rights to Payments**
The Claimant acknowledges that the Periodic Payments cannot be accelerated, deferred, increased or decreased by the Claimant or any Payee and no part of the payments called for herein nor any assets of the Defendant is to be subject to execution of any legal process for any obligation in any manner, nor shall the Claimant or any Payee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

**Consent to Qualified Assignment[1]**
The Claimant acknowledges and agrees that the Defendant may make a "Qualified Assignment" within the meaning of Section 130(c), of the Internal Revenue Code of 1986, as amended, of the Defendant's liability to make the Periodic Payments set forth herein. Specifically, the City of Vallejo (the "Assignor"), as the Defendant and as the payor of the consideration recited herein, shall assign its obligation to make the Periodic Payments called for above in this Attachment for Minor's Compromise to Pacific Life and Annuity Services, Inc. (the "Assignee"). The Assignee's obligation for payment of the Periodic Payments shall be no greater than that of Defendant (whether by judgment or agreement) immediately preceding the assignment of the Periodic Payments obligation. Pacific Life Corp. guarantees the obligation of Pacific Life and Annuity Services, Inc. Pacific Life Insurance Company has received high ratings from A. M. Best, (A+), Standard & Poor's, (A+), Moody's, (A1) and Fitch (A+). **(See attached ratings sheet).**

Such assignment shall be accepted by the Claimant without right of rejection and shall completely release and discharge the Defendant from the Periodic Payments obligation assigned to the Assignee. The Claimant recognizes that the Assignee shall be the sole obligor with respect to the Periodic Payments obligation, and that all other releases with respect to the Periodic Payments obligation that pertain to the liability of the Defendant shall thereupon become final, irrevocable, absolute and non-contingent.

EXHIBIT A

**Right to Purchase an Annuity**
The Defendant, itself, or through its Assignee, reserves the right to fund the liability to make the Periodic Payments by purchasing a "qualified funding asset", within the meaning of Section 130(d) of the Code, in the form of an annuity policy from Pacific Life Insurance Company. The Assignee shall be the sole owner of the annuity policy and shall have all rights of ownership. The Assignee may have Pacific Life Insurance Company mail payments directly to the Payee. The Claimant, prior to the age of 18, or the Payee, upon reaching the age of majority, shall be responsible for maintaining the accuracy of the current mailing address and mortality information for the Payee with the Assignee.

**Non Assignment**
None of the Periodic Payments and no rights to or interest in any of the Periodic Payments (all of the foregoing being hereinafter collectively referred to as "Payment Rights") can be

    i.    Accelerated, deferred, increased or decreased by any recipient of any of the Periodic Payments; or

    ii.    Sold, assigned, pledged, hypothecated or otherwise transferred or encumbered, either directly or indirectly, unless such sale, assignment, pledge, hypothecation or other transfer or encumbrance (any such transaction being hereinafter referred to as a "Transfer") has been approved in advance in a "Qualified Order" as defined in Section 5891(b)(2) of the IRS Code (a "Qualified Order") and otherwise complies with applicable state law, including without limitation any applicable state structured settlement protection statute.

    iii.    No Claimant or Successor Payee shall have the power to effect any Transfer of Payment Rights except as provided in sub-paragraph (ii) above, and any other purported Transfer of Payment Rights shall be wholly void. If Payment Rights under this Agreement become the subject of a Transfer approved in accordance with sub-paragraph (ii) above, the rights of any direct or indirect transferee of such Transfer shall be subject to the terms of this Agreement and any defense or claim in recoupment arising hereunder.

**Payee's Beneficiary**
Any payments to be made after the death of the Payee pursuant to the terms of this Attachment for Minor's Compromise shall be made to such person or entity as shall be designated in writing by the Payee, upon reaching the age of majority, to the Assignee. If no person or entity is so designated by the Payee, or if the person designated is not living at the time of the Payee's death, such payments shall be made to the estate of the Payee. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to the Assignee. The designation must be in a form acceptable to the Assignee before such payments are made.

**Discharge of Obligation**
The obligation of the Assignee to make each Periodic Payment shall be discharged upon the mailing of a valid check to the designated address or upon electronic transfer to the designated bank account in the amount of such payment to the Payee named in this Attachment for Minor's Compromise. Upon notice from the Payee that a payment was not received, the Assignee will initiate reasonable stop payment action and, upon confirmation that the funds were not negotiated or deposited, the Assignee will process a replacement payment.

---

[i] This process involves the herein referenced Defendant issuing a check payable to Pacific Life and Annuity Services, Inc. in the amount specified in this Attachment for Minor's Compromise and signing a Qualified Assignment and Release document to transfer their obligation for these payments to the Assignee.

## List of Company Ratings

**Company:** Pacific Life Ins Co
**Domicile:** NE
**Established:** 1868

### A.M. Best Company Rating — A+ (2)

Superior.  Assigned to companies that have, in our opinion, a superior ability to meet their ongoing obligations to policyholders.

### Standard & Poor's Financial Strength Rating — A+ (5)

An insurer rated 'A' has STRONG financial security characteristics, but is somewhat more likely to be affected by adverse business conditions than are insurers with higher ratings.

### Moody's Financial Strength Rating — A1 (5)

Insurance companies rated A offer good financial security. However, elements may be present which suggest a susceptibility to impairment sometime in the future.

### Fitch Ratings Insurer Financial Strength Rating — A+ (5)

Strong. 'A' IFS ratings denote a low expectation of ceased or interrupted payments. They indicate strong capacity to meet policyholder and contract obligations. This capacity may, nonetheless, be more vulnerable to changes in circumstances or in economic conditions than is the case for higher ratings.

### Comdex Ranking - VitalSigns Composite Index — 89

The Comdex gives the average percentile ranking of this company in relation to all other companies that have been rated by the rating services.  The Comdex Ranking is the percentage of companies that are rated lower than this company.

A Best's Financial Strength Rating opinion addresses the relative ability of an insurer to meet its ongoing insurance obligations. It is not a warranty of a company's financial strength and ability to meet its obligations to policyholders. View our Important Notice: Best's Credit Ratings for a disclaimer notice and complete details at http://www.ambest.com/ratings/notice.

Watch list identifiers follow the ratings if the company is on the rating service's watch list.  The identifier indicates a possible upgrade (w+), downgrade (w-), or unknown change (w).

The ratings on this report are current as of December 02, 2013.  These ratings have been selected by your life insurance advisor from among the ratings assigned to this insurer.
Presented by: J. Douglas Merritt, Ringler Associates, Inc., 1981 N. Broadway, Suite 440, Walnut Creek, CA 94596 Phone: 8003521912 Email: jmerritt@ringlerassociates.com